30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff Appellee,
v.
Mack Ray LITTLE, Defendant Appellant.
 No. 94-6488.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 25, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. William L. Osteen, Sr., District Judge. (CR-92-27-BR)
 Mack Ray Little, Appellant Pro Se.
 David Paul Folmar, Jr., Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 DISMISSED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 The time periods for filing notices of appeal are governed by Fed. R.App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appeals from a denial of a Fed. R.App. P. 33 motion must be filed within ten days of entry of the final order denying the motion. Fed. R.App. P. 4(b). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R.App. P. 4(b).
 
 
 3
 Appellant's failure to file a timely notice of appeal* or to obtain either an extension of the appeal period leaves this Court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Fed. R.App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988)